Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz

Keren E. Gesund, Esq. (SBN 253242)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002
Tel:   504/828/3700
Fax:   504/828/3737
kgesund@sessions-law.biz

Attorneys for Phillips & Cohen Associates, Ltd.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| KIM BRITZ,<br><br>              Plaintiff,<br><br>       vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.; and DOES 1-10 inclusive,<br><br>              Defendants. | Case No: 2:12-cv-01841-GEB-EFB<br><br>ANSWER OF PHILLIPS & COHEN ASSOCIATES, LTD. TO COMPLAINT |

Defendant Phillips & Cohen Associates, Ltd. ("PCA"), hereby answers Plaintiff, Kim Britz' ("Plaintiff") Complaint as follows:

## JURISDICTION

1. PCA admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, Rosenthal Act and related common law claims as set forth in ¶ 1 of the Complaint. Except as expressly admitted, PCA denies the remaining allegations in ¶ 1.

2. PCA admits the allegations in ¶ 2 for jurisdictional purposes only.

3. PCA admits the allegations contained in ¶ 3 for venue purposes only. Except as expressly admitted, PCA denies the remaining allegations in ¶ 3.

## PARTIES

4. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4 of the Complaint, and based thereon denies the same.

5. PCA admits it is a New Jersey company with an office located at 695 Rancocas Road, Westhampton, New Jersey. PCA further admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of the FDCPA. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 5.

6. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 6 of the Complaint, and based thereon denies the same.

7. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 7 of the Complaint, and based thereon denies the same.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 8 of the Complaint, and based thereon denies the same.

9. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 9 of the Complaint, and based thereon denies the same.

10. PCA denies the allegations in ¶ 10.

11. PCA denies the allegations in ¶ 11.

**B.    Phillips Engages in Harassment and Abusive Tactics**

12. PCA admits its records reflect an account was placed with it for collection and that it made lawful attempts to collect thereon, including calls to 916-932-8357. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 12.

13. PCA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 13 of the Complaint, and based thereon denies the same.

14. PCA denies the allegations contained in ¶ 14.

15. PCA denies the allegations contained in ¶ 15.

16. PCA denies the allegations contained in ¶ 16.

17. PCA denies the allegations contained in ¶ 17.

18. PCA denies the allegations contained in ¶ 18.

C. **Plaintiff Suffered Actual Damages**

19. PCA denies the allegations contained in ¶ 19.

20. PCA denies the allegations contained in ¶ 20.

21. PCA denies the allegations contained in ¶ 21.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22. PCA incorporates its responses to ¶¶ 1-21 as though fully set forth herein.

23. PCA denies the allegations contained in ¶ 23.

24. PCA denies the allegations contained in ¶ 24.

25. PCA denies the allegations contained in ¶ 25.

26. PCA denies the allegations contained in ¶ 26.

27. PCA denies the allegations contained in ¶ 27.

28. PCA denies the allegations contained in ¶ 28.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. CODE § 1788 et seq.

29. PCA incorporates its responses to ¶¶ 1-28 as though fully set forth herein.

Phillips & Cohen Associates, Ltd.'s Answer to Complaint

4

30. PCA avers that the cited statute speaks for itself and refers all matters of law to the Court. PCA denies any and all liability, wrongdoing, and damages to the extent alleged in ¶ 30. Except as expressly admitted, PCA denies the remaining allegations in ¶ 30.

31. PCA admits that when it acts as a debt collector as defined by California Civil Code § 1788.2, its debt collection activities may be regulated by certain provisions of the Rosenthal Act. Except as expressly admitted, PCA denies the remaining allegations contained in ¶ 31.

32. PCA denies the allegations contained in ¶ 32.

33. PCA denies the allegations contained in ¶ 33.

34. PCA denies the allegations contained in ¶ 34.

35. PCA denies the allegations contained in ¶ 35.

36. PCA denies the allegations contained in ¶ 36.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37. PCA incorporates its responses to ¶¶ 1-36 as though fully set forth herein.

38. PCA avers that the Restatement of Torts, § 652B speaks for itself and is the best evidence of its contents. Except as expressly admitted, PCA denies the remaining allegations in ¶ 38.

39. PCA admits that California recognizes the right to be free from invasions of privacy, but denies any and all liability, wrongdoing and damages to the extent alleged in ¶ 39.

40. PCA denies the allegations contained in ¶ 40.

41. PCA denies the allegations contained in ¶ 41.

42. PCA denies the allegations contained in ¶ 42.

43. PCA denies the allegations contained in ¶ 43.

44. PCA denies the allegations contained in ¶ 44.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. PCA incorporates its responses to ¶¶ 1-44 as though fully set forth herein.

46. PCA denies the allegations contained in ¶ 46.

47. PCA denies the allegations contained in ¶ 47.

48. PCA denies the allegations contained in ¶ 48.

49. PCA denies the allegations contained in ¶ 49.

50. PCA denies the allegations contained in ¶ 50.

51. PCA denies the allegations contained in ¶ 51.

## PRAYER

52. PCA denies that plaintiff is entitled to the relief sought.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first affirmative defense, PCA alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error: FDCPA)

As a second affirmative defense, PCA alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

### THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error: RFDCPA)

As a third affirmative defense, PCA alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

As a fourth affirmative defense, PCA alleges, Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

As a fifth affirmative defense, PCA alleges, Plaintiff consented to and/or invited the conduct for which she seeks relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Barred by Statute of Limitations)

As a sixth affirmative defense, PCA alleges Plaintiff's claims in this action are barred by the applicable statute of limitations, including 15 U.S.C. § 1692k(d) and Cal. Civil Code § 1788.30.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a seventh affirmative defense, PCA alleges that Plaintiff has failed to mitigate her damages, if any, and have failed to exercise due diligence in an effort to mitigate her damage, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

WHEREFORE, Phillips & Cohen Associates, Ltd., respectfully requests that:

1. Plaintiff takes nothing by way of her Complaint;

2.     Judgment of dismissal be entered in favor of PCA;

3.     PCA be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.     PCA be granted such other and further relief as the Court deems just and proper.

Dated: August 14, 2012      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

*/s/ Keren*

Keren E. Gesund, Esq.
3850 N. Causeway Boulevard, Suite 200
Metairie, La 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email address: kgesund@sessions-law.biz

-and-

Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Telephone: (619) 758-1891
Facsimile: (619) 296-2013
Email address: dkirkpatrick@sessions-law.biz

Attorneys for Defendant,
Phillips & Cohen Associates, Ltd.

## CERTIFICATE OF SERVICE

I certify that on this 14th day of August, 2012, a copy of the foregoing Answer of **Phillips & Cohen Associates, Ltd. to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Tammy L. Hussin, Esq.
    thussin@lemberglaw.com

    Counsel for Plaintiff, Kim Britz

By: _____
Keren E. Gesund, Esq.
Counsel for Defendant,
Phillips & Cohen Associates, Ltd.

\\sfnfs02\prolawdocs\8985\8985-29771\Britz, Kim\862159.doc